# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL A. LUNA,** | ) | |
| Plaintiff, | ) | Civil Action No. 18-139 Erie |
| v. | ) | |
| **PTLM. ALLISON #442, et al.,** | ) | Magistrate Judge Richard A. Lanzillo |
| Defendants. | ) | |

## MEMORANDUM ORDER

Plaintiff Michael A. Luna ("Plaintiff"), acting *pro se*, initiated this civil rights action pursuant to 42 U.S.C. § 1983 on May 16, 2018. ECF No. 1. The Court ordered the U.S. Marshal to mail a copy of the complaint, notice of lawsuit, request for waiver of service of summons, and waiver form to each of the Defendants on July 13, 2018. ECF No. 15. That order was executed on August 2, 2018. ECF No. 16. Defendants responded by executing a waiver of service on November 20, 2018. ECF No. 21. Defendants moved to dismiss all claims on January 7, 2019. ECF No. 27. In the meantime, Plaintiff filed a motion for default and default judgment on January 2, 2019. ECF No. 24. For the reasons which follow, that motion will be denied.

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, the entry of default judgment is a two-step process. Fed. R. Civ. P. 55(a), (b). First, a party must request that the clerk of the court "enter . . . the default" of the party that has not answered the pleading or "otherwise defend[ed]," within the time required by the rules or as extended by court order. Fed. R. Civ. P. 55(a). Once default has been properly entered, the party "must apply to the court for a

1

default judgment." Fed. R. Civ. P. 55(b)(2).[1]  The determination as to whether a party is in default is left to the discretion of the trial court.  See Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984); D'Onofrio v. Il Mattino, 430 F. Supp. 2d 431, 437 (E.D. Pa. 2006) (noting that a district court has broad discretion to decide whether a party is in default).  However, the United States Court of Appeals for the Third Circuit has provided district courts with some factors to guide the exercise of their discretion.  These factors are: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct."  Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).

After careful review, the Court concludes that the Chamberlain factors weigh against an entry of default.  Requiring a plaintiff to "litigate an action on the merits rather than proceed by default does not constitute prejudice."  Choice Hotels Int'l, Inc. v. Pennave Assocs. Inc., 192 F.R.D. 171, 174 (E.D. Pa. 2000) (citation omitted).  There is nothing to suggest that the brief delay in proceeding with this action caused evidence to be lost or that Defendants engaged in culpable conduct of any sort.  Milton Roy, LLC v. Northeast Pump & Instrument, Inc., 2018 WL 4006404, at *2 (E.D. Pa. 2018).  Moreover, a review of the pending motion to dismiss suggests that Defendants have a litigable defense.  Finally, the Court notes that defaults are not favored in this Circuit, and in close cases, "doubts should be resolved in favor of setting aside the default and obtaining a decision on the merits."  Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir. 1982).

---

[1] Default judgment may be entered by the clerk if the plaintiff's claim is "for a sum certain or a sum that can be made certain by computation," a scenario not presented here.  See Fed. R. Civ. P. 55(b)(1).

For the reasons set forth above, IT IS HEREBY ORDERED that Plaintiff's Motion for Default and Default Judgment (ECF No. 24) be DENIED.

<u>/s/ Richard A. Lanzillo</u>
RICHARD A. LANZILLO
United States Magistrate Judge

Dated: February 12, 2019